IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

NELSON BRITO,

                              Plaintiff,

      v.                              Civil Action No.
                                        9:06-CV-00154 (FJS/DEP)

ELIOT SPITZER, *et al.*,

                              Defendants.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

Nelson Brito, *Pro Se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO          JEFFREY P. MANS, ESQ.
Attorney General of the State        Assistant Attorney General
of New York
The Capitol
Albany, New York  12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff Nelson Brito, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against the former New York Attorney

General, the former Commissioner of the Department of Correctional Services ("DOCS"), and several DOCS employees alleging violation of his constitutional rights arising out of his incarceration at the Upstate Correctional Facility ("Upstate"), located in Malone, New York. Plaintiff claims that while at Upstate defendants knowingly exposed him to another inmate with a fatal communicable disease, thereby abridging his right to be free from cruel and unusual punishment, and he seeks recovery of compensatory damages based upon the defendants' actions.

Currently pending before the court is a motion by two of the named defendants, the former Attorney General and former DOCS Commissioner, seeking dismissal of plaintiff's claims against them based upon the lack of their personal involvement in the violations alleged. Because I agree that plaintiff has insufficiently alleged the moving defendants' involvement in the constitutional violations asserted, I recommend that plaintiff's claims against them be dismissed, with leave to replead.

I.   BACKGROUND[1]

Plaintiff is a New York State prison inmate entrusted to the custody of the DOCS. Although he is currently being housed in another facility, at the times relevant to his claims in this action plaintiff was incarcerated at Upstate. Complaint (Dkt. No. 2) ¶ II A; Dkt. No. 32.

Upon his arrival at Upstate on December 7, 2005, Brito, who acknowledges "a record of fighting other prisoners", was placed in a cell with another inmate with a diagnosed, communicable disease of an unspecified nature. Complaint (Dkt. No. 2) ¶ II D.[2]  Plaintiff attributes his cell assignment to efforts by prison officials to coerce his cellmate into discontinuing legal proceedings commenced against defendant Spitzer by exposing him to Brito with his assaultive propensities. *Id.* Despite notice by plaintiff to various prison employees named in the action that his cellmate was contagious, and a request that he be moved to another location within the facility, prison employees ignored the situation and left

---

[1] In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's complaint, the contents of which have been accepted as true for purposes of the pending motion. *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

[2] It appears that plaintiff was confined within a special housing unit ("SHU") while at Upstate, although his complaint does not specifically so state.

him exposed to the infectious disease. *Id.*

## II.     PROCEDURAL BACKGROUND

Plaintiff commenced this action in the Southern District of New York on or about January 24, 2006. Dkt No. 2. The matter was subsequently transferred to this court on February 6, 2006 by order issued by Chief District Judge Michael B. Mukasey, based upon the fact that the events giving rise to plaintiff's claims arose within this district. Dkt. No. 5.

In his complaint, Brito alleges that by exposing him to the risks associated with his fellow inmate's deadly communicable disease, defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment. Complaint (Dkt. No. 2) ¶ II D. The complaint names as defendants several corrections officers and other prison employees, all allegedly informed by the plaintiff of his circumstances, as well as former New York State DOCS Commissioner Glenn S. Goord, and former New York State Attorney General Eliot Spitzer.[3]

In lieu of answering plaintiff's complaint, former Attorney General Spitzer and former Commissioner Goord have moved seeking dismissal of plaintiff's claims against them for failure to allege sufficiently their

---

[3] Plaintiff's complaint also names a John Doe defendant, identified only as a DOCS employee who worked in the prison reception area on a specified date.

individual personal involvement in the constitutional violations at issue.[4] Dkt. No. 22. The court has received no response from the plaintiff in opposition to that dismissal motion, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

   A.   Failure To Oppose Motion

Confronted with a motion by defendants Spitzer and Goord to dismiss plaintiff's complaint, plaintiff has not provided the court with the benefit of any argument as to why that motion should not be granted. Before turning to the merits of defendants' motion, I must first address the plaintiff's failure to respond to that motion and determine what, if any, consequences should result from that failure.

Although plaintiff has filed no opposition to defendants' motion to dismiss, I am not precluded from recommending disposition of their motion without the benefit of his submission. *See, e.g., White v. Mitchell,* No. 99-

---

[4] The remaining named defendants, all DOCS workers, have answered, generally denying the allegations set forth in the plaintiff's complaint and asserting a variety of defenses. Dkt. No. 28.

CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001). Such motions test only the legal sufficiency of the complaint and answer. Accordingly, while a party should be given reasonable opportunity to respond to a dismissal motion, the court can determine the sufficiency of plaintiff's claims as a matter of law based on its own reading of the pleadings and knowledge of the relevant case law. *McCall v. Pataki,* 232 F.3d 321, 322-23 (2d Cir. 2000).

Under this court's local rules, a party's failure to respond to a properly filed motion can constitute consent to granting of that motion. N.D.N.Y.L.R. 7.1(b)(3); *see also McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint states a claim for relief); *White*, 2001 WL 64756, at *1 n.2 (citing *McCall*). Before granting such an unopposed motion, however, the court must first make a threshold finding that the moving party has met its burden demonstrating entitlement to the relief requested. N.D.N.Y.L.R. 7.1(b)(3).

 B. <u>Motion To Dismiss Standard</u>

The pending dismissal motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss a complaint,

6

brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements. Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, __ F.3d __, 2007 WL 1717803 (2d Cir. June 14, 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible"). Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim. *Twombly*, 127 S. Ct. at 1969

(observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is likely ultimately to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)). Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support

the elements of his or her claim.  *See Twombly*, 127 S. Ct. at 1969, 1974.

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

    C.    <u>Sufficiency Of Plaintiff's Allegations Against The Moving Defendants</u>

In their motion, defendants Spitzer and Goord challenge the sufficiency of plaintiff's allegations against them.  Defendants argue that

those allegations fail to establish a basis for finding their involvement in the constitutional violations alleged.

Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991) and *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S. Ct. 1282 (1978)). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

### 1. Eliot Spitzer

Plaintiff's complaint claims that his placement in a cell together with an infected inmate was the result of efforts by prison officials to intimidate his cellmate into discontinuing a suit brought against defendant Spitzer and others. Complaint (Dkt. No. 3) ¶ II D. Nowhere in his complaint does plaintiff allege that defendant Spitzer initiated that effort, or indeed had any involvement in or even ability to determine his cell placement. Accordingly, plaintiff's allegations are legally insufficient to inculpate

defendant Spitzer in the constitutional violations alleged. *See Patterson v. County of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004).

    2. <u>Glenn Goord</u>

Plaintiff's allegations against defendant Goord are similarly scant. Although this is far from clear, it appears that plaintiff may have named Commissioner Goord as a defendant based upon his position as former Commissioner of the DOCS. If that is the case, then plaintiff's claims against him are legally deficient; a supervisor cannot be held liable for damages under section 1983 solely by virtue of being a supervisor – there is no *respondeat superior* liability under section 1983. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.

A supervisory official can, however, be liable in one of several ways: 1) the supervisor may have directly participated in the challenged conduct; 2) the supervisor, after learning of the violation through a report or appeal, may have failed to remedy the wrong; 3) the supervisor may have created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) the supervisor may have been grossly negligent in managing the subordinates who caused the unlawful event; or 5) the supervisor may have failed to act on information indicating that unconstitutional acts were occurring. *Richardson*, 347 F.3d at 435;

*Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). A careful reading of plaintiff's complaint fails to reveal that any of these potential bases for liability applies. Since plaintiff's allegations appear to be predicated solely upon Commissioner Goord's position, they are facially insufficient to implicate him in the constitutional violations alleged, by virtue of their failure to establish a tangible connection between his actions and plaintiff's alleged injuries. *See e.g., Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir. 1987) (finding dismissal appropriate where plaintiff did no more than allege that defendant was in charge of prison); *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir. 1985). I therefore also recommend dismissal of plaintiff's claims against defendant Goord, with leave to replead.[5]  *See Branum,* 927 F.2d at 704-05.

## IV. SUMMARY AND RECOMMENDATION

---

[5] Plaintiff may be asserting liability on the part of defendant Goord based upon the allegation that after filing a grievance at his correctional facility and receiving no result, he appealed to the "D.O.C. Executive Office" in Albany. Complaint (Dkt. No. 2) ¶ IV F. Although plaintiff does not specifically allege defendant Goord's awareness of that appeal, even had the Commissioner received the grievance, that fact alone would be insufficient to establish liability on his part, since the receipt of letters, grievances, or complaints from an inmate is insufficient to impute personal involvement in a constitutional violation which is the subject of the inmate's grievance. *Lyerly v. Phillips*, No. 04 Civ. 3904, 2005 WL 1802972, at *7 (S.D.N.Y. July 29, 2005); *see also Liner v. Goord*, 310 F. Supp. 2d 550, 555 (W.D.N.Y. 2004) (holding that "[w]here a supervisor's involvement in a prisoner's complaint is limited to forwarding of correspondence to appropriate staff, the supervisor has insufficient personal involvement to sustain a § 1983 cause of action").

Plaintiff's complaint in this action, which alleges that he was placed in a cell with another prisoner who was infected with a contagious disease thereby subjecting him to cruel and unusual punishment, fails to demonstrate the requisite involvement of former Attorney General Spitzer and former DOCS Commissioner Glenn Goord in the conduct giving rise to the constitutional claim.  I therefore recommend that plaintiff's complaint be dismissed as against those defendants, with leave to replead.

Based upon the foregoing it is hereby

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 22) be GRANTED, and that plaintiff's complaint be dismissed as against defendants Spitzer and Goord, without prejudice to the right to replead within an appropriate, specified period of time.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this

court's local rules.


Dated:      July 2, 2007
            Syracuse, NY


_____          _____
                                 David E. Peebles
  _____                        U.S. Magistrate Judge